J-S10045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVONTE LASHAWN BETTS | : | |
| | : | |
| Appellant | : | No. 1154 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000507-2022

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED: SEPTEMBER 22, 2025**

Devonte Lashawn Betts ("Betts") appeals from the judgment of sentence following his convictions for possession of a controlled substance by an inmate, attempted possession of controlled substance by an inmate, and possession of a controlled substance.[1]  Betts asserts the evidence was insufficient because of defects in the chain of custody and the trial court abused its discretion by denying a motion for mistrial.  Because Betts's claims are waived and/or they lack merit, we affirm.

In September 2020, Betts, an inmate at the Adams County Adult Correctional Complex ("ACACC"), was moved from one housing unit to another.  Following ACACC protocol, Captain Kenneth Reisinger ("Captain Reisinger"), a correctional officer with twelve years of experience and

---

[1] **See** 18 Pa.C.S.A. §§ 5123(a.2), 901, 35 P.S. § 708-113(a)(16).

responsibility for monitoring mail, identified seven pieces of suspicious mail in Betts's prison cell that might contain controlled substances, and put them in an evidence bag he placed in an evidence locker. The Pennsylvania State Police ("PSP") declined to take custody of the evidence in September when Captain Reisinger attempted to turn it over. The mail was returned to the evidence locker, where it remained until the PSP accepted it in May 2021. *See* N.T., 6/5/23, at 30-38, 41, 45, 58-59, 71, 74.

In February 2021, Captain Reisinger seized a suspicious item of mail intended for Betts, put it in an evidence bag that he placed in an evidence locker until the PSP accepted the evidence in May 2021. In June 2023 a jury trial was held. At trial Christina Fialkowski, a forensic scientist for the PSP, provided expert testimony that the materials seized from Betts's cell contained MDMB-4em-PINACA, an indole carboxamide that is a Schedule I controlled substance and mimics the effects of marijuana. *See id*. at 37-41, 56, 75, 78-85; N.T., 6/6/23, at 36-42.

The Commonwealth's evidence also included a video recording of a conversation Betts had in prison with his girlfriend. *See* N.T., 6/6/23, at 6-13. Betts's counsel made a mistrial motion after the video was played. *See id*. at 15. After the court denied the motion, counsel did not seek a cautionary instruction. *See id*. at 16-17.

The jury convicted Betts of the above-listed charges. In August 2023, the court imposed an aggregate term of five to ten years of imprisonment.[2] Betts timely appealed and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Betts raises two issues for our review:

[1.] Whether the evidence was insufficient to sustain the convictions due to the defects in the chain of custody?

[2.] Whether the trial court erred in denying [Betts's] oral motion for a mistrial?

Betts's Brief at 5 (capitalization standardized).

Betts asserts the evidence was insufficient because there were defects in the chain of custody relating to the mail in which the police found drugs. *See* Betts's Brief at 15. Betts acknowledges that chain of custody challenges relate to the weight to be accorded evidence, not its admissibility, and argues the verdict was against the weight of the evidence and constitutes a miscarriage of justice. *See id*. at 15-19.

As Betts correctly states, concerns about the chain of custody implicate the weight to be accorded evidence, not its admissibility. *See*, *e.g.*, *Commonwealth v. Soto*, 202 A.3d 80, 102 (Pa. Super. 2018) (explaining physical evidence may be admissible despite gaps regarding its chain of custody) (citation omitted); *Commonwealth v. Smith*, 146 A.3d 257, 265 (Pa. Super. 2016) (same).

---

[2] The court noted Betts was currently incarcerated awaiting trial on federal charges. *See* Order 8/23/23, at 3.

To prevail on a weight challenge, a defendant must prove the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **See Commonwealth v. Sullivan**, 820 A.2d 795, 806 (Pa. Super. 2003). When reviewing a challenge to the weight of the evidence, this Court's standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence **is addressed to the discretion of the trial court.** A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding the facts, certain facts are so clearly of greater weight that to ignore them or give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence challenge is distinct from the standard of review applied by the trial court. **Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence.**

**Commonwealth v. Muci**, 143 A.3d 399, 410-11 (Pa. Super. 2016) (citation omitted) (emphasis added).

Because this Court does not weigh the evidence itself but assesses a trial court's exercise of discretion in granting or denying a weight claim, an appellant asserting a weight claim must ensure he has preserved his claim by presenting it to the trial court in a post-sentence motion, a written pre-sentence motion, or orally before sentencing. Failure to do so will result in

the waiver of the claim. *See* Pa.R.Crim.P. 607; ***Commonwealth v. Rivera***, 238 A.3d 482, 497 (Pa. Super. 2020).

Betts did not file a written pre-sentence or a post-sentence motion, and did not make an oral weight claim prior to sentencing. He thereby deprived the trial court of the opportunity to evaluate the claim. We cannot review the trial court's exercise of discretion concerning a claim never presented to it. Accordingly, Betts may not have review of a weight claim first presented on appeal. ***See id***.; Pa.R.A.P.. 302(a).[3]

Betts's second issue asserts the trial court abused its discretion in denying his motion for a mistrial. Betts asserts the video recording the Commonwealth played of his prison conversation with his girlfriend referenced someone sending synthetic marijuana to an unspecified person "to make money," and included racial comments directed at the residents of Gettysburg where Betts was on trial. ***See*** Betts's Brief at 19-21.

We consider a claim concerning the denial of a mistrial mindful of the following principles:

> The trial court is in the best position to assess the effect of an allegedly prejudicial [piece of evidence] on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an

---

[3] We briefly note that trial testimony established that the mail in question was placed in an evidence locker the day it was seized. Further, the suspicious mail from Betts's cell was removed from the locker only once and returned the same day; the mail intended for Betts was never removed from the evidence locker when placed there; and both sets of mail remained in the evidence locker until they were given to the PSP in the original sealed evidence bags. ***See*** N.T., 6/5/23, 28-33, 38-40.

- 5 -

abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Commonwealth v. Nasir*, 308 A.3d 812, 819 (Pa. Super. 2023) (citations omitted). The moving party bears the burden to prove prejudice. *See id*.

The trial court ruled that mistrial was not required because Betts knew the contents of the video before it was played and did not raise any pretrial objection, and did not put facts on the record supporting the grant of a mistrial. *See* Trial Court Opinion, 9/6/24, at 15-16.

We conclude Betts has failed to prove the trial court abused its discretion in denying a mistrial. Betts received the video in pre-trial discovery, he raised no objection to it being played before the jury and thus deprived the trial court of the opportunity to redact any objectionable material. *See Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016). Moreover, Betts failed to meet his burden to prove prejudice by failing to make a proper record and to show a cautionary instruction could not have cured any possible prejudice. The record shows only that the trial court stopped the playing of the video and asked, "Why are we playing parts of the video that are talking about Adams County being racist?" *See* N.T., 6/6/23, at 13. Betts's counsel did not make a record establishing whether the jury heard any such remarks or trial court anticipated them knowing in advance the contents of the video. Moreover, on appeal Betts does not state what remarks were made on the video, or explain

- 6 -

how they were prejudicial, or demonstrate why a curative instruction would not have cured any possible prejudice. On this record, we cannot find the trial court abused its discretion in denying a mistrial.

Because Betts has not presented a valid claim for relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/22/2025